IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EAHANA DAVIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 14-6163 |
| SARAH DONNELLY AND PAUL DONNELLY, | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **FEBRUARY 24, 2015**

      Presently before this Court are Plaintiff, Eahana Davis', Motion to Remand, Defendants, Sarah Donnelly and Paul Donnelly's, Response in Opposition, and Plaintiff's Reply thereto.[1] For the reasons set forth below, Plaintiff's Motion is granted.

### I. FACTS

      Plaintiff, Eahana Davis ("Plaintiff"), is an adult resident of Pennsylvania. (Defs.' Notice of Removal at ¶ 3.) Defendants, Sarah Donnelly and Paul Donnelly (collectively, "Defendants"), are adult residents of New Jersey. (Id. at ¶¶ 1-2.)

      On September 12, 2014, Plaintiff filed a civil suit against Defendants in the Court of Common Pleas in the County of Philadelphia, Pennsylvania. (Id. at ¶ 4.) In the suit, Plaintiff alleges that Defendants' negligence caused a motor vehicle accident which resulted in injuries to her. (Id., Ex. A (Compl.)) Physically, Plaintiff complains of injuries to the head, body and

---

[1] Defendants submitted a Response in Opposition to Plaintiff's Motion to Remand on December 4, 2014, to which Plaintiff filed a Reply. (See Doc. Nos. 7-8.) However, Defendants withdrew their Response on December 5, 2014, and filed another Response. (See Doc. No. 9.)

1

limbs, including the following "severe and permanent" injuries: "tear of the gluteus minimus at the greater trochanter, right hip, neck, left knee, shoulder, back, and a severe and permanent shock to Plaintiff's nerves and nervous system." (Id.) As a consequence of these physical injuries, Plaintiff alleges that she has suffered financial injury in the form of medical expenses and a loss of earnings/impairment of earning capacity. (Id.) In total, Plaintiff seeks damages in excess of fifty thousand dollars ($50,000), plus interest and costs. (Id.)

The instant issue before the Court pertains to jurisdiction. On October 26, 2014, Defendants filed a Notice of Removal to federal court pursuant to 28 U.S.C. § 1441. (See Defs.' Notice of Removal.) One month later, Plaintiff filed a Motion to Remand the litigation to state court. (See Pl.'s Mot. to Remand.) In these dueling Motions and the attendant submissions, arguments were presented on the question of whether the litigation should proceed in federal or state court.[2] It is evident from the filings, that the solution to this jurisdictional inquiry centers on the timeliness of Defendants' Notice of Removal under § 1446. A general recitation of the arguments presented by the parties on this issue is as follows.

Plaintiff contends that, since Defendants failed to remove the action within the thirty day requisite period of § 1446, the proper venue for the litigation is state court. (Id. at ¶ 11.) However, Defendants assert that the Notice of Removal was timely and that federal court is the proper venue because they did not have notice that the value of Plaintiff's claims exceeded the statutorily mandated $75,000 amount in controversy requirement at the inception of the suit. (Defs.' Resp. in Opp'n to Pl.'s Mot. for Remand at ¶ 6.) On the contrary, Defendants contend that they became aware that Plaintiff valued her claims in excess of $75,000 only after speaking

---

[2] The parties raised various arguments in support of their positions in the following documents: Defendants' Response in Opposition to Plaintiff's Motion to Remand filed on December 4, 2014, which Defendants subsequently withdrew; Plaintiff's Reply thereto filed on December 5, 2014; Defendants' Response in Opposition to the Plaintiff's Motion to Remand filed on December 5, 2014; and, Plaintiff's Reply thereto. (See Doc. Nos. 7-10.)

via telephone with Plaintiff's counsel on October 24, 2014.  (Id.)  Thus, Defendants argue that they had thirty days from this date to file for removal, and since the Notice of Removal was filed on October 26, 2014, it was timely.  (Id.)

## II.     STANDARD OF LAW

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  A district court retains original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 3332.  Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the Complaint.  28 U.S.C. § 1446(b).  However, where it is not evident from the face of the Complaint that a case is removable, "a notice of removal may be filed within thirty days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court.  Judge v. Phila. Premium Outlets, No. 10-1553, 2010 WL 2376122, at *2 (E.D. Pa. June 7, 2010).  Grounds for remand include:  "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).

Removal and remand reside at the crossroads of federal jurisdiction.  "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."  Samuel–Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d

Cir. 2004) (citing <u>Packard v. Provident National Bank</u>, 994 F.2d 1039, 1045 (3d Cir. 1993)). When faced with a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." <u>Lumbermans Mut. Cas. Co. v. Fishman</u>, No. 99–929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir. 1992)). Accordingly, "the removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990) (quoting <u>Steel Valley Auth. v. Union Switch and Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987)).

**III. DISCUSSION**

The issue before this Court involves the interplay between remand and removal. Here, our ability to exercise jurisdiction over this matter is contingent on satisfying the requirements of 28 U.S.C. § 1332. Federal jurisdiction under § 1332, requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

In this case, it is clear that the necessity of diversity is satisfied because Plaintiff is a resident of Pennsylvania and Defendants are residents of New Jersey. (Defs.' Notice of Removal ¶¶ 1-3.) However, whether the amount in controversy requirement has been satisfied is far less certain. Due to the unique facts of this case, the disposition of this remaining jurisdictional issue is a product of several attendant questions. First, are the damages sought by Plaintiff in excess $75,000? If not, then the amount in controversy requirement is not met and remand is proper. If the damages do exceed $75,000, we must then ascertain on what date it was apparent that the amount of controversy requirement was satisfied. Upon determining on what date notice was

satisfied, we must count thirty days from this date. If Defendants' action for removal occurred after this date, then it is untimely under 28 U.S.C. § 1446(b), and the action must be remanded to state court. See 28 U.S.C. § 1446(b).

In the Motion to Remand, Plaintiff argues that Defendants knew upon service of the Complaint on September 25, 2014, that Plaintiff's claims were worth more than $75,000. (Pl.'s Mot. to Remand, ¶ 8.) This argument is predicated on Plaintiff's belief that, from the face of the Complaint and through the monetary amounts sought by Plaintiff in the settlement negotiations with Defendants' insurance company, Defendants were on notice that the amount in controversy requirement was satisfied. (Id.; Pl.'s Reply.) Since Defendants did not file the Notice of Removal by October 27, 2014, it is Plaintiff's position that removal is barred by § 1446, and the action must be remanded to state court. (Id.)

Contrary to Plaintiff's position, Defendants argue that, as of September 25, 2014, they could not prove, "to a legal certainty or a preponderance of the evidence," that Plaintiff could recover more than $75,000. (Defs.' Opp'n to Pl.'s Mot. to Remand at ¶ 6.) Rather, Defendants contend that they became aware of the removability of the case only after learning from Plaintiff's counsel that Plaintiff would not cap her damages at less than $75,000 on October 24, 2014. (Id. ¶¶ 9, 13.) Consequently, Defendants assert that they had thirty days from this date to file the Notice of Removal. (Id. ¶ 14.) Since Defendants filed the notice only five days later, they contend that removal was timely. (Id. ¶¶ 14-15.) Thus, Defendants argue that the proper venue for this litigation is federal court.

### A. **Plaintiff's Motion for Remand**

The determination of the amount in controversy begins with a reading of the complaint filed in state court. Samuel-Bassett, 357 F.3d at 398; see also Angus v. Shiley Inc., 989 F.3d

5

142, 145 (3d Cir. 1993) (asserting that the amount of controversy is generally decided from the face of the complaint). Thus, the Complaint serves as our departure point in determining if Defendants were on notice that the amount in controversy requirement was met at the time of service. Id. Since the Complaint does not explicitly limit Plaintiff's damages to an amount under the federal diversity threshold, we must independently appraise the value of her claims.[3] See Angus, 989 F.2d at 146. The Third Circuit has counseled that in reaching this determination the "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Samuel-Bassett, 357 F.3d at 403. Overall, the thirty day removal period begins to run when Defendants can "reasonably and intelligently" conclude that the amount in controversy exceeds the jurisdictional minimum. Sims v. PerkinElmer Instruments, LLC, No. 04-3773, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005) (quoting Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).

On the face of the Complaint, Plaintiff seeks a judgment against Defendants in "an amount in excess of fifty thousand dollars ($50,000), plus interests and costs." (See Notice of Removal, Ex. A at ¶ 14.) Plaintiff sets forth general and specific injuries in support of this damages figure. Generally, Plaintiff alleges injuries to her head, body and limbs. (Id. at ¶ 11.) Specifically, Plaintiff alleges the following "severe and permanent" injuries: "tear of the gluteus minimus at the greater trochanter, right hip, neck, left knee, neck, shoulder, back, and a severe

---

[3] Although "[t]he plaintiff is the master of her claim," and, "may limit her monetary claims to avoid the amount in controversy threshold," the United States Court of Appeals for the Third Circuit has cautioned that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Morgan v. Gay, 471 F.3d 469, 474-77 (3d Cir. 2006). Thus, even if a plaintiff states that her claims fall below the jurisdictional threshold amount, it is the duty of the District Court to make an independent inquiry into whether the plaintiff's claims exceed the amount in controversy threshold. Id.

6

and permanent shock to Plaintiff's nerves and nervous system." (Id.) As a result of these injuries, Plaintiff claims financial injury in the form of medical expenses and a loss of earnings/impairment of earning capacity. (Id. at ¶¶ 12-14.)

Based on this information Plaintiff asserts that Defendants were "well aware of the severity of Plaintiff's injuries and outstanding economic damages well before suit was filed." (Pl.'s Mot. to Remand ¶ 6.) We do not agree. In attempting to ascertain the value of Plaintiff's claims from these statements we find the following cases to be informative. See Bishop v. Sam's East, Inc., No. 08-4550, 2009 WL 1795316, at *2-3 (E.D. Pa. June 23, 2009) (holding that complaint alleging similar injuries and a demand for damages in excess of $50,000 did not place defendant on notice of an amount in controversy over $75,000); Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008) (same).

Here, much like in Bishop and Brown, the Complaint contains boilerplate allegations, which fail to denote the magnitude of the physical and financial injuries suffered past the *ad damnum* clause[4] asserting damages in excess of $50,000. For instance, Plaintiff claims a loss of earnings and impairment of earnings capacity. However, it is impossible to reach any "realistic" estimation of these figures in the absence of any information as to Plaintiff's employment and financial status. Furthermore, Plaintiff neglects to set forth any determination as to the cost of any possible future medical expenses. "[W]hen a complaint fails to allege with specificity damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy creates federal jurisdiction, the removal period is not triggered by service of the complaint." Inaganti v. Columbia Props. Harrisburg LLC, No. 10-1651, 2010 WL 2136597, at *3 (E.D. Pa. May 25, 2010); see also Miranda v. Southland Corp., No. 91-3267, 1991 WL 142648, at *2

---

[4] An *ad damnum* clause is a provision in a prayer for relief stating the amount of damages claimed. See Black's Law Dictionary (9th ed. 2009).

(E.D. Pa. July 22, 1991) (finding that boilerplate language with no indication as to the actual cost of medical treatments received, estimate of future medical costs or amount of earnings lost as a result of the injury did not provide notice).

Based on the averments in the Complaint, it would have been impossible for Defendants to reach an objective calculation of damages that would have placed them on notice of an amount in controversy in excess of $75,000. Consequently, we hold that, upon service of the Complaint, Defendant was not "on notice," and, therefore, the thirty day period for removal was not triggered. See Inaganti, 2010 WL 2136597, at *3.

The only concrete numbers produced by Plaintiff pertaining to damages were contained in a letter from Plaintiff's counsel to Defendants' insurer dated April 7, 2014.[5] (See Pl.s' Mot. to Remand, Ex. C.) This document provides an itemized list of Plaintiff's medical expenses in the amount of $26,420.33, and a worker's compensation lien in the amount of $10,889.20. (Id.) In total, these figures compute to an actual damages sum of $37,309.53. This figure is less than half of the amount in controversy requirement for federal jurisdiction under § 1332. Even when viewed in conjunction with the alleged damages asserted in the Complaint, we find that this sum would not place Defendants on notice that the amount in controversy requirement has been met.

Plaintiff additionally cites to the figures sought at the settlement negotiations with Defendants' insurance company as providing the requisite notice. (See Pl.'s Sec. Reply to Defs.' Opp'n to Mot. to Remand at 1 (Doc. No. 10)). On April 14, 2014, and later on July 22, 2014, Plaintiff offered to settle the claims for $145,000 and $150,000, respectively. (Id.) In similar cases, however, settlement figures were insufficient to place a defendant on notice. See Ferguson v. Nobles, No. 14-1439, 2014 WL 1492266, at *2 (E.D. Pa. Apr. 15, 2014) (asserting

---

[5] This document was attached as Exhibit C to Plaintiff's Motion for Remand. (See Pl.'s Mot. for Remand, Ex. C.) As such, the Court is unsure that Defendants were even aware of this document prior to the filing of the Motion for Remand.

that a monetary demand at a settlement conference "is best seen as posturing that cannot override an unequivocal limitation on damages Plaintiffs seek"); Sfirakis v. Allstate Ins. Co., No. 91-3092, 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) (holding that a settlement demand for $300,000 is nothing more than posturing for negotiating purposes). We agree with the substance of these holdings, and view Plaintiff's settlement demands as insufficient to place Defendants on notice.

B. **Defendants' Motion for Removal**

In light of our finding that the settlement figures and the Complaint failed to trigger the thirty day removal period of § 1446, we now turn to the legal grounds asserted by Defendants for removal. Defendants' argument for removal is premised on the "other paper" provision of § 1446(b)(3). (Defs.' Notice of Removal, ¶ 12.) Under this provision, where the Complaint has failed to denote the case as removable, Defendants would have thirty days to file the Notice of Removal after receiving an "other paper," which placed them on notice that the case was removable. See 28 U.S.C. § 1446(b)(3). The term "other paper" is not defined by § 1446, and the Third Circuit has not acted to clearly define it in the context of the statute. See Minissale v. State Farm Fire and Casualty Co., 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013).

In this case, Defendants assert that the action became removable on October 24, 2014, when Plaintiff refused to cap her damages under $75,000, and that an October 27, 2014 letter to Plaintiff's counsel drafted by Defendants' counsel, which memorialized Plaintiff's refusal, constitutes "other paper" under § 1446(b)(3). (Defs.' Opp'n to Pl.'s Mot. for Remand, ¶¶ 10-13.) Thus, Defendants argue that removal is warranted because the Notice of Removal was filed before the thirty day time period ended on November 24, 2014. (Id. at ¶¶ 14-15.)

The argument raised by Defendants in support of removal rests on two separate presumptions: (1) that Plaintiff's refusal to cap her damages under the amount in controversy floor satisfies the burden for removal; and (2) that a letter written by Defendants' counsel qualifies as "other writing" under § 1446(b)(3). However, we do not find Defendants' argument compelling, and determine for the following reasons that these presumptions are unsupported by the appropriate legal precedent.

First, it is generally established within this District that a plaintiff's refusal to stipulate or cap damages below the $75,000 threshold, alone, does not satisfy Defendant's burden for removal. See Stevenson v. Wal-Mart Stores, Inc., No. 14-4073, 2015 WL 158811, at *2 (E.D. Pa. Jan. 13, 2015); Lewis-Hatton v. Wal-Mart Stores East, LP, No. 13-7619, 2014 WL 502367, at *3 (E.D. Pa. Feb. 7, 2014); Minissale, 988 F. Supp. 2d at 475. We find these decisions to be well-reasoned, and cannot discern any reason to diverge from this string of cases.

Second, although Courts within this District have concluded that "other paper" is an "inclusive phrase that covers a wide array of documents," a document created by a defendant does not fit within its ambit. See Brown, 2008 WL 2600253, at *2. Finding otherwise would directly contradict the clear language of § 1446(b)(3), which states that to qualify as "other paper" requires "receipt by the defendant." 28 U.S.C. § 1446(b)(3). "[W]here . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). Thus, under the facts of this case, we find that the letter drafted by Defendants' counsel does not constitute "other paper" under § 1446(b)(3). Brown, 2008 WL 2600253, at *2.

**IV.     CONCLUSION**

In light of the aforementioned findings, we hold that the requirements for removal under § 1331 have not been satisfied in this case.  Consequently, we remand the action back to state court.

As a final note for the purpose of clarity, our conclusions at this point in the litigation are a result of an inability to estimate the damages sought by Plaintiff to the requisite degree of certainty.  We do, however, advise Defendants that our decision today does not mean that they cannot remove the action in the future if additional fact-finding evidences that the amount in controversy requirement has been satisfied and such action is not statutorily prohibited.

An appropriate Order follows.